IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANGEL RIVERA, #285465,** | : |
|     **Plaintiff,** | : |
| **vs.** | :   CIVIL ACTION 19-01035-KD-B |
| **WARDEN RAYBON,** *et al.*, | : |
|     **Defendants.** | : |

### REPORT AND RECOMMENDATION

Plaintiff Angel Rivera, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed the instant action under 42 U.S.C. § 1983.(Doc. 1). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon review, it is recommended that (1) Rivera's spraying claims against Defendants Captain S. Smith and Lt. McNeal be dismissed as duplicative; (2) Rivera's remaining claims in this action, including those claims against Defendant Raybon, be dismissed, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted; and (3) this action be dismissed without prejudice for failure to comply with the Court's order.

**I. Proceedings and § 1915(e)(B)(2)'s Screening Requirements.**

Rivera requested and was granted permission to proceed in forma pauperis. (Docs. 2, 3, 4, 8, 9). Because Rivera is proceeding *in forma pauperis*, the Court is required to review his complaint under 28 U.S.C. § 1915(e)(2)(B). In an order dated May 4, 2020 (Doc. 9), the Court advised Rivera that his original complaint was deficient and included vague allegations that were not sufficient to state a cause of action. The Court also directed Rivera to file an amended complaint to correct the noted deficiencies. (Id.). Rivera filed an amended complaint which is the operative pleading in this case. (Doc. 10).

Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the claim seeks to enforce a right that clearly does not exist. Id.

Furthermore, a claim may also be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127

S. Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction and holds them to a more lenient standard than those of an attorney, Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir.) (citation and quotation marks omitted), cert. denied, 574 U.S. 1047 (2014). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S.

3

at 681, 129 S. Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

Section III of the form § 1983 prisoner complaint utilized by Rivera requested the name of each Defendant, as well as the claims against each of them and the facts supporting each claim. (Doc. 10). In section III of Rivera's amended complaint, he named Defendants Warden Raybon, Captain S. Smith, and Lieutenant McNeal. (Id. at 5-6). He described his claim against Defendant Raybon as "deliberate indifference" and "failure to protect" and his claims against Defendants Smith and McNeal as "excessive force." (Id.). However, rather than list the facts supporting his claims against each Defendant as directed in the form complaint, Rivera referred to an attached narrative statement.[1] The Court's order dated May 4, 2020 (Doc. 9) expressly advised Rivera that he is required to provide specific information about a causal connection between each Defendant's actions, orders, customs, or policies and a violation of his constitutional or federal rights. (Id. at 14). Furthermore, Rivera was cautioned his amended complaint would

---

[1] The form, if fully completed, is designed to assist *pro se* plaintiffs in overcoming the hurdle of pleading a causal connection in § 1983 actions.

4

replace the original complaint and that his failure to timely file an amended complaint that conformed to the Court's directives would result in a recommendation that his action be dismissed. (Id. at 14-15, PageID.51-52)

**II. Claims Against Defendants Smith and McNeal.**

The allegations in Rivera's amended complaint against Defendants Smith and McNeal are limited to an incident that occurred nine days after Rivera's September 16, 2019, arrival at Holman Correctional Facility (Holman) when he was placed in a crisis (mental health) cell. (Id. at 9). Rivera alleges that while in the cell, Defendants Smith and McNeal sprayed him with a chemical pepper spray and then improperly decontaminated him ("spraying claim or incident"). (Id.). These are the extent of Rivera's allegations in the narrative (attached to his amended complaint) that causally connect Defendants Smith and McNeal to the excessive force claim listed against them on the amended complaint form. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights must be established in order to state a § 1983 claim) (emphasis added).

In screening Rivera's amended complaint, the undersigned discovered that Rivera has pending in this Court another lawsuit

5

against Defendants Smith and McNeal based on the same spraying incident, Rivera v. McNeal, CA No. 19-01037-KD-N (S.D. Ala.) (filed December 2, 2019). This second lawsuit, which was filed on the same day as the present action, has been served on Defendants McNeal and Smith, and they recently filed their answer and special report on July 22, 2020. (Doc. 21). In light of the fact that Rivera is attempting to litigate the same spraying claim against Defendants McNeal and Smith in CA No. 19-01037-KD-N, as in this case, and that the other case is further along than this one, Rivera's spraying claim against Defendants McNeal and Smith in this action is due to be dismissed as duplicative. See Russell v. Secretary, Fla. Dep't of Corr., 2019 WL 4138399, at *1 (11th Cir. 2019)(unpublished)(noting the decision in Colo. River Water Conservation Dist. v. U.S., 424 U.S. 800, 917-818 (1976), makes clear "that federal courts have the inherent administrative power to dismiss duplicative litigation").

### III. Claims Against Defendant Raybon.

In addition to the spraying claim, Rivera's amended complaint also contains allegations concerning his placement in the restrictive housing unit (RHU) at Holman. The Court, in its order dated May 4, 2020 (Doc. 9), directed Rivera to file an amended complaint. The Court described at length Rivera's allegations, discussed the law correlating to his allegations, informed him

6

that his allegations were deficiently pled or did not have a legal basis, and advised him of the information required to state a plausible claim. (Doc. 9 at 5-14, PageID.42-51). For example, Rivera was informed that he did not describe the RHU and its purpose, reveal his status while in RHU (*e.g.*, protective custody, close custody), compare conditions of his custody/placement to those of general population where he desired to be placed, or provide information regarding the duration of his confinement in RHU. Rivera was also told that his allegations were vague and conclusory, that they were subject them to dismissal, and of the necessity for pleading a plausible claim and causally connecting a Defendant to a claim.

A careful review of Rivera's amended complaint reflects that most of his allegations, that are unrelated to the spray incident, are not connected to Defendants Raybon, Smith, or McNeal, nor anyone else. As noted, *supra,* Rivera's allegations against Defendants Smith and McNeal are limited to the spraying incident as they are specifically mentioned in connection with said incident. The remaining Defendant, Warden Terry Raybon, is only mentioned twice in Rivera's attached narrative. In the narrative, Rivera alleges: "Plaintiff went before the Seg. Review Board and spoke with Warden Raybon about his situation and asked for a transfer. Warden Raybon advised Plaintiff that Holman didn't do

7

transfers just because an inmate did not feel safe, but that I&I agent, Mr. DeSpain[,] might could help him." (Doc. 10 at 8, PageID.60). The Court, in its order dated May 4, 2020 (Doc. 9) explained to Rivera that an inmate does not have a constitutional right to be transferred or not to be transferred. Meachum v. Fano, 427 U.S. 215, 224, 96 S. Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 242, 96 S. Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). Although Rivera was instructed that he had not stated a plausible transfer claim, he reiterated his transfer claim in his amended complaint.

In Section III of his amended complaint, Rivera identified his claims against Defendant Raybon as "failure to protect" and "deliberate indifference". (Doc. 10 at 5, PageID.67). However, it is not at all clear how these "legal terms" are connected to the factual allegations contained in Rivera's narrative, much less how they are connected to Defendant Raybon. The absence of a connection places the Court in the indefensible position of having to speculate, which it cannot undertake.

According to Rivera's amended complaint, when he was an inmate at Holman in 2018, he was assaulted and robbed at knifepoint by a gang of inmates. (Id. at 8). When Rivera learned that he was being transferred back to Holman, he advised officials that he could not go back and requested to be sent to another maximum-

8

security prison, such as Donaldson, St. Clair, or Limestone. (Id.). Nonetheless, Rivera arrived back at Holman on September 16, 2019. Upon his arrival, Officer Brown, who was working the back gate/receiving, recognized him and, remembering the prior situation, realized Rivera should not be at Holman. So, Officer Brown telephoned Mr. Odom, a classification specialist. This resulted in Rivera being kept at Holman in its RHU, which he identified in the amended complaint as segregation. (Id.). He then met with the segregation review board, including Defendant Raybon, about a transfer, as described above. (Id.). As best the Court can discern, it appears that Rivera was in RHU at Holman for a limited period of time before he was transferred. Per his amended complaint, Rivera arrived at Holman on September 16, 2019, and by the time he initiated this action on December 2, 2019, he had been transferred to St. Clair Correctional Facility. (Doc. 1 at 12).

Rivera describes, in very general and conclusory terms, the deprivations he suffered while in Holman's RHU. He contends that he would not have experienced the following deprivations if had been placed in a population setting, namely,

1. Denied phone calls, correspondence and visits from family;

2. Denied adequate medical care;

3. Denied sanitary living conditions, cleaning supplies, an

9

opportunity to clean the cell, and showers;

4. Denied changes of clean clothes and washing of dirty clothes;

5. Denied recreation and exercise;

6. Denied "heat" (temperature);

7. Denied right to grieve his living conditions and being retaliated against for doing so;

8. Denied orientation of prison rules and a copy of the rules; and

9. Denied procedural safeguards before punishment and sanctions were imposed.

(Id. at 9). Rivera asserts that the spraying incident with Defendants Smith and McNeal occurred approximately nine days after he was transferred to Holman and that the spraying incident would not have occurred, and he would not have suffered the above-listed deprivations, if he had been placed at another facility or in a general population setting. (Id. at 9-10). He further alleges that his "victimization history/status" caused his placement in RHU, and that his complains about the treatment of inmates in RHU angered Holman officials. (Id. at 10). He maintains that these circumstances culminated in the violation of his Eighth Amendment rights by Defendants. (Id.). Rivera seeks $30,000 in punitive damages from Defendant Raybon, and $50,000 in punitive damages

from each of the remaining Defendants, namely McNeal and Smith. (Id. at 10). Except for the injuries arising from the spraying incident, which is being addressed in Rivera's other pending action in this Court, Rivera has not alleged any physical injury associated with his other claims.

Also, Rivera does not offer any information about the conditions in general population so as to contrast them with those he listed for RHU. In the absence of specific allegations, the difference or degree of difference between conditions in general population and in RHU is not known. In the Court's prior order, Rivera was expressly advised that his description of the conditions in RHU were vague and conclusory and could rest on variety of factual scenarios, and that factual information was critical in order to determine his type of custody. (Id. at 9-12).

Turning to Rivera's amended complaint, the only allegations regarding Defendant Raybon relate to Rivera's request for a transfer. Section 1983 requires a causal connection between a deprivation of a plaintiff's constitutional rights and a defendant's actions, orders, customs, or policies in order to state a § 1983 claim. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); see Doc. 9 at 14 (order informing Rivera of this causal connection requirement). With respect to Defendant Raybon, Rivera demonstrated a causal connection only with respect to his

11

allegations concerning his transfer request made to the segregation board, of which Defendant Raybon was a member. As detailed in the Court's order dated May 4, 2020 (Doc. 9), the Constitution's Due Process Clause does not provide a right to be transferred to a certain prison, Meachum v. Fano, 427 U.S. 215, 224, 96 S. Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976), even when the transfer is to a prison with substantially less favorable conditions, given that the prison "is within the normal limits or range of custody which the conviction has authorized the State to impose." Id. at 225, 96 S. Ct. at 2538. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause" is not implicated even if transfer is "the result of the inmate's misbehavior or may be labeled as disciplinary or punitive." Montayne v. Haymes, 427 U.S. 236, 242, 96 S. Ct. 2543, 2546, 49 L.Ed.2d 466 (1976). Neither is there a right to remain in a particular prison, or an expectation that a prisoner would only be transferred upon a finding of misconduct. Id. at 243, 96 S. Ct. at 2547. Furthermore, there "is no constitutionally protected liberty interest in being classified at a certain security level[.]" Kramer v. Donald, 286 Fed. Appx. 674, 676 (11th Cir. 2008)(citing Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9, 50 L. Ed. 2d 236 (1976)).

12

The foregoing cases address prisoner transfers under the Due Process Clause. However, in Rivera's amended complaint, he contends that his Eighth Amendment rights have been violated. The Eighth Amendment is violated only by "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate." Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). Rivera has alleged no facts showing how Defendant Raybon violated his Eighth Amendment rights by not granting him a transfer or that Defendant Raybon knew of and disregarded an excessive risk to his health or safety caused by retention in RHU or in his classification. To the contrary, Rivera states that it was his "victimization history/status" that caused his placement in Holman's RHU. (Doc. 10 at 10). As best the Court can discern, it appears that Rivera was placed in RHU for his protection from some unidentified situation in general population that existed upon his return to Holman in 2019.

Moreover, Rivera does not allege that he sustained any injuries at the hands of inmates while housed in RHU. Further, as noted, it appears that Rivera was in RHU for a limited period prior to his transfer to St. Clair Correctional Facility. (Doc. 1 at 12). Nor does Rivera allege or suggest that Defendant Raybon alone can authorize the transfer of an inmate. Rivera instead alleges that Defendant Raybon told him to contact an I&I agent, Mr.

DeSpain, for help with a transfer. (Doc. 10 at 8, PageID.60). Accordingly, the undersigned finds that Rivera has failed to state an Eighth Amendment claim based on Defendant Raybon's refusal to transfer him. See Shaarbay v. Smith, 2007 WL 4180970, at *3 (N.D. Fla. 2007) (unpublished) (finding the plaintiff's claims that his placement and retention in close management status failed to state a violation of the Eighth Amendment).

The remaining allegations in Rivera's amended complaint are not causally connected to a particular Defendant and do not state a § 1983 claim. See Zatler, supra. However, assuming, *arguendo,* that Rivera seeks to hold Defendant Raybon liable for these alleged violations because of his supervisory status as warden, Defendant Raybon cannot be held "liable under § 1983 for unconstitutional acts of his subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010); see Monell v. Department of Social Serv., 436 U.S. 658, 691-92, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). Defendant Raybon, as a supervisor, can only have liability imposed against him when he "personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Id. A causal connection is

demonstrated when "the supervisor's custom or policy ... result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id. (citation and quotations marks omitted). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Id. at 1360-61. Rivera's complaint is devoid of any such allegations against Defendant Raybon.

While Rivera asserts a "deliberate indifference" claim against Raybon, he does not proffer sufficient facts to demonstrate this element of an Eighth Amendment claim. See Doc. 10 at 5. It is only the "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974, 128 L. Ed. 2d 811 (1994)). Deliberate indifference requires a showing of "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1331-32 (11th Cir. 2013) (internal quotation marks omitted).

In addition to the subjective deliberate-indifference

15

element, the Eighth Amendment requires that the objective element of a substantial risk of serious harm be met. Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016). This requires factual allegations demonstrating "conditions that were sufficiently serious to violate the Eighth Amendment, *i.e.*, conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." Id. The amended complaint is devoid of facts that allege, let alone suggest, any condition that presented a substantial risk of serious harm to Rivera.

To summarize, Rivera has not provided facts sufficient to satisfy the Eighth Amendment's objective and subjective elements. Moreover, there are no facts connecting Defendant Raybon to such elements. Accordingly, a claim has not been stated for a violation of the Eighth Amendment.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that the (1) spraying claims against Defendants Smith and McNeal be dismissed as duplicative; (2) the remaining claims in this action, including those claims against Defendant Raybon, be dismissed, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted; and (3) this action be dismissed without prejudice for failure to comply with the Court's order. See Tanner v. Neal,

232 Fed. Appx. 924 (11th Cir. 2007)(dismissing an action <u>without prejudice</u> for plaintiff's failure to comply with the court's order to file an amended complaint that complied with its instructions on how to amend her complaint to conform with Rule 8(a)(2) and that connected each claimed harm to an identifiable defendant after she was warned of the consequences of non-compliance); <u>cf.</u> <u>Birdette v. Saxon Mortg.</u>, 502 Fed. Appx. 839, 840-41 (11th Cir. 2012) (dismissing <u>with prejudice</u> an action where the amended complaint did not comply with the court's order even though plaintiffs had been given an opportunity to amend their complaint, instructed on what to include in the amended complaint, and warned their failure to comply would result in their action's dismissal for failure to obey a lawful order).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

17

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE and ORDERED** this **29th** day of **July, 2020.**


                                      **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**